UNITED STATES, Appellant,

v.

Debra Jean **LESTER**, Appellee.

No. 7550.

District of Columbia Court of Appeals.

Argued Dec. 11, 1973.

Decided April 30, 1974.

Michael G. Scheininger, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Michael A. Pace, Asst. U. S. Attys., were on the brief, for appellant.

James T. Lawler, of the bar of the Supreme Court of California, pro hac vice, by special leave of court, for appellee. Christian J. Camenisch, II, appointed by this court, was on the brief, for appellee.

Before REILLY, Chief Judge, YEAGLEY, Associate Judge, and HOOD, Chief Judge, Retired.

PER CURIAM:

Charged with solicitation for prostitution,[1] appellee through counsel indicated a desire to enter an *Alford*[2] type plea of guilty. Before accepting the plea, the trial court asked for and heard a summary statement of the facts from the complaining police officer. Another officer, present at the arrest, was in the courtroom but was not called upon for a statement. The court then asked appellee to "state briefly" her account of the facts. She stated she did not solicit the officer, that he solicited her and she refused. She said she was willing to plead guilty because she had heard it was difficult to defend against such a charge.

---

1. D.C.Code 1973, § 22–2701.

2. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

After some discussion with appellee and her counsel, the court advised them to further consider the matter, saying: "If you want to go to trial, you can do that." Appellee and her counsel were then permitted to leave the courtroom and when they returned counsel announced they were ready to go to trial. The court then announced it was concerned that the government witnesses (the two police officers) had heard appellee's statement to the court of her account of the facts and the court thought this would be prejudicial to appellee. For that reason the court ordered the information dismissed and appellee released from custody. The docket entry indicates "case dismissed for want of prosecution", but in a written opinion, not included in the record here but filed as an appendix to the government's brief, the court stated the case was "dismissed before trial on the court's own motion", saying that having concluded the defendant might be prejudiced, "dismissal is an appropriate disposition of this case". The government has appealed.

■ We know of no authority for dismissal before trial of a valid information simply because the court concludes that some evidence will not be admissible at trial or that some witness will be ineligible to testify. For example, pretrial suppression of evidence may hamper or completely prevent a successful prosecution but it does not warrant dismissal of the indictment or information.

■ Appellee argues that as the court's ruling would have effectively prevented the testimony of the government's only witnesses, any attempt to prosecute the charge would have failed, and thus the government has not been prejudiced by dismissal of the information. In other words, appellee argues that even if the information is reinstated there can be no prosecution under it. But the trial court did not in fact rule that the police officers were disqualified from testifying. It ruled that "the risks of prejudice to the defendant was too serious to go forward with the case". This, in our opinion, was error.

Prejudice, if any, to appellee was not caused by the government. Determination to offer an *Alford* type plea of guilty was made by appellee. It was the court which called for statements by the arresting officer and the appellee. Appellee made no request that the government witnesses be excluded while she made her statement. It would be unfair to penalize the government for a situation not of its making.

■ Furthermore, we do not share the trial court's apprehension that the defense would be prejudiced by what occurred at the hearing on the plea. If the police officers secured any advantage by hearing appellee's summary statement of her version of the occurrence, she obtained the same advantage by hearing the officer's version. Neither the officer nor appellee testified under oath and neither was cross-examined. As the trial court observed in its memorandum, the majority of cases of this sort follow a standard pattern. The arresting officer testifies to the solicitation and the second officer corroborates the time, and place and the approach by defendant to the first officer. The common defense is, as here, that the solicitation was by the officer and not by defendant. It is difficult to see how appellee was disadvantaged by disclosing her defense. Neither the prosecution nor the defense could hardly have been enlightened by the other's version of the affair.

Reversed with instructions to reinstate the information.